28386. PAYNE v. COBB.

DECIDED JUNE 29, 1940.

*Dan S. Beeland, Homer Beeland,* for plaintiff in error.
*C. W. Foy,* contra.

SUTTON, J.  ■   A. M. Cobb brought suit against D. W. Payne, to recover damages because of alleged negligent killing by the defendant of four of the plaintiff's mules. The plaintiff alleged, that he was driving his truck south on highway number three near Hampton, Georgia; that the truck was loaded with seven mules, their heads extending toward the right side of the truck; that a named employee of the defendant was driving the defendant's truck north along said highway at fifty to sixty miles per hour; that a piece of timber extending over the left side of this truck struck the mules in the head, and killed four of them, of the value of $650; that the defendant's truck was being carelessly driven and operated, in that the driver pulled to his left across the center line marker of the highway; that the plaintiff's truck was driven as far to the right on its side of the highway as was safe, and that the collision occurred without fault on the part of the plaintiff, and could not have been avoided by him. The defendant answered, admitting that the driver of his truck was working for him at the time, and that there were some mules killed at the time and place alleged; but he denied that he or his servants caused the death of the mules, or that he was liable therefor, denied that his driver pulled the truck over to the left side of the center line of the highway, and alleged, on the contrary, that his driver kept well on the right side of the road, the right-hand wheels of his truck edging the right side of the pavement. He further denied that the truck was being driven at an excessive rate of speed. He alleged that it was not going more than forty miles per hour; that the collision arose because of the carelessness of the plaintiff in the operation of his truck; and that the defendant's truck was damaged, by the plaintiff's mules striking the side of the truck with their heads, in the sum of $50, for which judgment was prayed against the plaintiff.

The evidence showed that the plaintiff's truck was loaded with seven mules, and that four of these mules were facing toward the left of the truck. The testimony was conflicting as to whether or not their heads extended over the left side of the truck, so as to make the total width of the truck more than eight feet, including the load, as limited by the Code, § 68-401, or as to whether they extended at all over the left side of the truck; also as to whether or not the defendant's truck had on it a scantling or piece of timber which extended beyond the left side of the defendant's truck; also as to whether the plaintiff's truck was zigzagging, and at the time of the collision was so operated that its left wheels were beyond the center line of the highway, whether it was proceeding at an illegal rate of speed, and as to whether the defendant's truck at the time of the collision was on the extreme right side of the highway, or was so operated that its left wheels were beyond the center line of the highway, and a scantling extending from the left side of the truck was still nearer the mules of the plaintiff; and whether or not the defendant's truck was traveling at an excessive rate of speed. The plaintiff testified that he was on the right side of the road. The defendant's driver testified that at the time of the accident he had almost come to a stop, and was on the extreme right side of the highway, with no part of the truck or load beyond the center of the highway. But in some way the heads of the mules and a part of the defendant's truck came in contact; and while the evidence was widely in conflict as to how the collision occurred, the jury was authorized to find that the plaintiff's damage was caused by the negligent driving of the defendant's truck, so that its left wheels were beyond the center of the highway, and that a scantling extending from the truck sideswiped the heads of the mules and caused their death, the collision occurring when the truck of the plaintiff was on his right-hand side of the road, with no part thereof, or its load, beyond the center line of the highway. There was testimony that the plaintiff saw, or could have seen, the defendant's truck swaying in the road when he was sixty to ninety feet therefrom; and it is contended by the defendant that the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, if any; but this court can not say, as a matter of law, that this is true. Strictly a jury question was presented as to all the issues

involved, and the verdict for the plaintiff was authorized under the law and the evidence.

■ The special grounds of the motion for new trial have been carefully considered. They are without merit, and no extended discussion is deemed necessary.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*