38252.   DUNCAN *v.* THE STATE.

DECIDED APRIL 12, 1960.

Carpenter, Karp & Mathews, Robert Carpenter, A. Tate Conyers, for plaintiff in error.

Paul Webb, Solicitor-General, John I. Kelley, Solicitor, B. B. Zellars, Eugene L. Tiller, Assistant Solicitor-General, contra.

FRANKUM, Judge. 1. It is readily apparent that the evidence did not authorize the charge (Code (Ann.) § 68-1625) as no blood test was given the defendant. Therefore, no presumption could arise under the statute because there was no evidence to show the contents of alcohol, if any, in the defendant's blood. "A statement in the charge of the court not adjusted to the evidence is not reversible error when it is harmless and not prejudicial to the losing party." Savannah Elec. Co. v. Joseph, 25 Ga. App. 518 (4) (103 S. E. 723). In Pelham Mfg. Co. v. Powell, 6 Ga. App. 308, 314 (64 S. E. 1116) the court stated: "If the propo-

sitions of law are erroneous, the error is presumably prejudicial, and the entire record will be reviewed to ascertain if the plaintiff in error has been injured by the giving of such erroneous instructions." Another embodiment of the rule is in *Jackson* v. *Kight & Sons,* 159 *Ga.* 584 (3) (126 S. E. 379), as follows: "Though a part of the charge of the court to the jury may not be pertinent to the issues involved, if it be so clearly irrelevant to such issues that the jury could not have been misled or confused by the giving of such instruction, a new trial will not be granted upon the ground that it was error to give it. It was error, but it was harmless." "Legal error is a compound of both error and injury. In the absence of either constituent element the grant of a new trial is not warranted." *Harrison* v. *Hester,* 160 *Ga.* 865 (3) (129 S. E. 528). *Arnheiter* v. *State,* 115 *Ga.* 572 (2) (41 S. E. 989, 58 L. R. A. 392), reads as follows: "The giving of erroneous or inappropriate instructions in the trial of a criminal case affords the accused no just cause of complaint, when so doing could not in any manner have operated to his injury." "Trial jurors are themselves selected for their intelligence and uprightness." *George* v. *McCurdy,* 42 *Ga. App.* 614, 617 (157 S. E. 219). See Code (Ann.) § 59-106.

In the case under consideration, there was no evidence whereby a jury could imply any presumption either for or against the defendant with reference to a blood test. We are of the opinion that the giving of said section in charge was error, but harmless error, and was not such an error as to mislead or confuse an intelligent jury.

The superior court did not err in overruling the defendant's certiorari.

*Judgment affirmed. Gardner, P. J., Townsend 'and Carlisle, JJ., concur.*