## 38425. WOODS v. THE STATE.

FRANKUM, Judge. This case is here on appeal from the City Court of Athens. The defendant was tried for the offense of driving a motor vehicle while under the influence of intoxicating liquor. The evidence discloses that no blood test was given the defendant under the provisions of *Code Ann.* § 68-1625. The trial court charged the jury the entire provisions of section 68-1625, and in addition thereto charged the following: "Now, gentlemen, I charge you in regard to the blood test that the defendant has a right to demand a blood test of the arresting officer and it is mandatory, if such facilities are available. Such facilities are available in Clarke County. I charge you that the arresting officer has no right to demand such a blood test and I charge you the law is that it would be improper conduct on the part of the officer to even suggest to the defendant that he has a right to a blood test."

The defendant was convicted of the charge, and in his amended motion for a new trial he complains that the above charge was not adjusted to the evidence and was erroneous. *Duncan v. State*, 101 Ga. App. 504 (114 S. E. 2d 376), held that where a judge charged the provisions of *Code Ann.* § 68-1625, when no evidence was introduced to show a blood test was taken, it was error, but harmless error. The rulings of law cited in the *Duncan* case are applicable here to determine the question involved. In *Pelham Mfg. Co. v. Powell*, 6 Ga. App. 308, 314 (64 S. E. 1116), the court stated: "If the propositions of law are erroneous, the error is presumably prejudicial, and the entire record will be reviewed to ascertain if the plaintiff in error has been injured by the giving of such erroneous instructions." The court, in the instant case, instructed the jury, not only the provisions of *Code Ann.* § 68-1625, but that only the defendant could demand a blood test where facilities were available, that such facilities were available, and the arresting officer had no right to even suggest to the defendant that he had a right to take a blood test. As can readily be seen, there are additional elements to consider in the instant case that were not involved in the *Duncan* case. The question is, Do these additional elements constitute harmful error? The record

fails to show any evidence of whether or not Clarke County had facilities to administer this blood test. It was error for the trial judge to refer to some fact outside of the evidence. This court cannot say that this charge, coupled with a charge not authorized by the evidence, i.e., *Code Ann.* § 68-1625, did not impress on the minds of the jury that if the defendant had an opportunity and a right to take a blood test, that facilities for the giving of the blood test were available in Clarke County, the defendant's failure to demand a blood test was prompted from a consciousness of guilt and thus should be considered as a circumstance of guilt. The charge was therefore erroneous and harmful.

The other grounds insisted on in this appeal are without merit.

*Judgment reversed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED JULY 15, 1960.

*Rupert A. Brown, Joseph J. Gaines,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.