## 40984. PITTMAN v. THE STATE.

DECIDED NOVEMBER 12, 1964.

*Rupert A. Brown*, for plaintiff in error.

*Preston M. Almand, Solicitor, McLeod & Galis, Denny C. Galis*, contra.

HALL, Judge. ■ Evidence of chemical analysis for alcoholic content in blood is admissible provided the reliability of the procedures used in obtaining and analyzing the blood is adequately shown. Generally (in the absence of a statute dealing with the evidentiary effect of blood tests; see Division 2, infra) the probative value of such evidence on the question of a person's intoxication must be shown by expert testimony. *Macon Busses, Inc. v. Dashiell*, 73 Ga. App. 108, 116 (35 SE2d 666); Anno. 21 ALR2d 1216; 77 ALR2d 971.

There was no such expert testimony in this case nor did the evidence establish the identity of the defendant's blood as that analyzed by the chemist who made the report introduced in evidence. It did not show by whom the blood sample was taken, how the container was labeled, by whom or by what means it was transmitted to the laboratory, when and by whom it was received. When a substance analyzed has passed through several hands its custody at all times should be accounted for. The evidence must not leave it to conjecture what has happened to it between the taking and the analysis. Rodgers v. Commonwealth of Virginia, 197 Va. 527 (90 SE2d 257); Anno. 21 ALR2d 1216; Lutz v. City of Richmond, 205 Va. 93 (135 SE2d 156); cf. Natwick v. Moyer, 177 Ore. 486 (163 P2d 936); McGowan v. City of Los Angeles, 100 Cal. App. 2d 386 (223 P2d 862); accord *King v. State*, 89 Ga. App. 626, 628 (80 SE2d 493); 32 CJS 720-722, Evidence, § 588 (2); 22A CJS 528, Criminal Law, § 645 (3); Comment, 35 Texas L. Rev. 813, 817.

The State contends that the document was admissible in evidence as a written statement made by a public official. In Geor-

gia records or certificates of facts made by public officials are not admissible in evidence to prove the truth of the facts stated unless there is authority by statute or administrative order to record the facts. *Jones v. Cordele Guano Co.,* 94 Ga. 14, 18 (20 SE 265); Green, The Georgia Law of Evidence, 628, § 317; cf. Kay v. United States, 255 F2d 476, 480 (4th Cir. 1958); 5 Wigmore on Evidence 519, § 1633; 545, § 1639; Anno. 21 ALR2d 1216, 1239.

We do not decide whether an official record of a blood analysis made by statutory direction or authority would have to be accompanied by evidence showing the identity and chain of custody of the blood to make such a record admissible in evidence. We find no statute, however, that authorizes an official of the State Crime Laboratory to make alcohol blood tests; therefore, the exception to the hearsay rule permitting admission in evidence of records of official acts, as applied in Georgia, does not apply to reports of blood alcohol tests made by this State agency. Cf. Ga. L. 1937, pp. 322, 340; as amended Ga. L. 1941, pp. 277, 278 (*Code Ann.* § 92A-302); Ga. L. 1953, p. 602 et seq. as amended, Ga. L. 1960, p. 1009 et seq. (*Code Ann.* § 21-203 et seq).

(The testimony in this case suggests that a blood sample of the defendant was taken and submitted to the State Crime Laboratory for analysis and report in a manner similar to that prescribed in Georgia Laws 1961, pp. 437, 438 (*Code Ann.* § 21-227) for obtaining analysis of blood of a person admitted to a hospital or morgue as a result of a casualty and unable to give his consent to the taking of a sample for analytical purposes).

The report of the blood alcohol test admitted in this case, not being accompanied by evidence identifying the blood sample analyzed with the defendant and showing its chain of custody from the time it was taken to the time it was analyzed, and not being accompanied by expert testimony showing its probative value on the question of the defendant's intoxication, was erroneously admitted in evidence. The trial court erred in overruling the special ground of the motion for new trial excepting to the admission of the document.

■ Georgia Laws 1953, Nov. Sess., pp. 556, 575 (*Code Ann.*

§ 68-1625 (b)) provides: "(b) In any criminal prosecution for . . . driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood, urine, breath or other bodily substance shall give rise to the following rebuttable presumptions: *Provided, however, that the failure of such arrested person to demand such a test or to consent to such a test shall not be admitted in evidence in the trial of such person:* 1. If there was at that time 0.05 per cent. or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor; 2. If there was at that time in excess of 0.05 per cent. but less than 0.15 per cent. by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant; 3. If there was at that time 0.15 per cent, or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor; 4. Any person who is arrested for driving or operating a vehicle while under the influence of intoxicating liquor shall have the right to demand a blood test to determine the amount or weight of alcohol in his blood, and it is mandatory upon the officials in whose custody he shall have been placed after arrest to have such a blood test made immediately after demand by the arrested person, provided the facilities for making such a test are available in the county of his confinement. The Director of Public Safety shall designate one or more physicians or certified hospital technicians for each county to perform such tests upon the request of any person so arrested. The costs of such test shall be borne by the person so arrested and shall be only the actual costs but in no event more than $10. 5. The foregoing provisions of this subdivision shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of intoxicating liquor. 6. Nothing in this section shall be construed as requiring any person to take such examination against his wishes."

The provisions concerning presumptions arising from blood alcohol content substantially follow the Uniform Vehicle Code (National Committee on Uniform Traffic Laws and Ordinances, Uniform Vehicle Code, 1944-1952, Act V, p. 14, § 54; Revised 1956, p. 118, § 11-902). Paragraphs 4 and 6 and the italicized provision of subsection (b), however, are not contained in the Uniform Code. The Georgia legislature chose to give persons under arrest and in police custody for driving under the influence of intoxicating liquor a right to procure a medical evaluation of the alcohol content of their blood, and undertook to make specialists accessible in each county to perform blood tests for persons demanding them. The legislature apparently intended that the statutory presumptions from the alcohol content of a defendant's blood would not arise except when a defendant had demanded a blood test and one had been made pursuant to the statute by a specialist, designated by the Director of Public Safety available in the county of the defendant's confinement. See Slough and Wilson, Alcohol and the Motorist, 44 Minn. L. Rev. 673, 678; Comment, 35 Texas L. Rev. 813, 820.

The evidence in this case shows that the defendant requested a blood test, but does not show that a test was performed by a designated physician or hospital technician available in the county of the defendant's confinement as contemplated by the statute.

The Georgia statute (*Code Ann.* § 68-1625 (b), supra) provides that a person arrested for driving under the influence of intoxicating liquor shall have a right to demand a blood alcohol test, and that given results of the test shall create evidentiary presumptions on the question of the defendant's intoxication. We hold that the statutory presumptions apply only if the blood test is performed at the request of the defendant in the county of his confinement by a designated specialist as prescribed by the statute. The evidentiary presumptions created by the Georgia statute did not apply in this case. The trial court erred in charging the jury the provisions of subsection (b) creating the presumptions, and in overruling the special ground of the motion for new trial excepting to this charge.

Since the defendant's blood test was not performed in accord-

ance with the statute and the statute was not applicable to any relevant evidence in this case the trial court erred in charging paragraphs 4, 5 and 6 of subsection (b), *Code Ann.* § 68-1625, and in overruling the special ground excepting to this charge. Accord *Woods v. State,* 102 Ga. App. 229, 230 (115 SE2d 595).

In what we have said above it is implicit that, if a blood alcohol test were performed by a specialist of the State Crime Laboratory or by another specialist (but not as prescribed in *Code Ann.* § 68-1625 (b)) and sufficient evidence of the character discussed in Division 1 were presented to permit the admission of the test result in evidence, *Code Ann.* § 68-1625 (b) would not be applicable and the evidentiary presumptions created by this statute would not arise from the results of such a test. But in such a case the evidence of intoxication or non-intoxication from the test would necessarily be established by expert testimony, and its probative value would be determined by the jury. *Macon Busses, Inc. v. Dashiell,* 73 Ga. App. 108, 116, supra; Anno. 21 ALR2d 1216; 77 ALR2d 971.

■ The evidence, without the document erroneously admitted, supported the verdict and the trial court did not err in overruling the general grounds of the motion for new trial.

*Judgment reversed. Nichols, P. J., and Russell, J., concur.*