44660. STALLINGS v. THE STATE.

Evans, Judge. 1. The defendant's conviction of the offense of arson with intent to defraud, from which he appeals, was authorized by the evidence, some of which being that the fire was intentionally set; that the defendant's truck which he had been observed driving for a year, was parked in the yard of the house rented by the defendant 5 or 10 minutes after 7 p.m. on the evening said house burned; that no one else was living in the house at that time; that the defendant was observed driving rapidly away from the house at approximately 7:30 p.m.; that the fire was probably ignited with a delayed start by the use of chemicals and paper "trailers," which would require considerable time to be constructed and placed; that the fire began at approximately 7:40 p.m., was reported to the fire department at 7:54 p.m. and burned for 15 to 25 minutes before being extinguished. In addition, approximately one week before the fire, the accused and his family, were seen moving clothes from the dwelling.

2. The admission in evidence of the State's exhibits consisting of debris from the burned house and a volatile, flammable liquid distilled therefrom—over the defendant's objection that it was not shown where it had been and who had it from the date it was received until the day of the trial— was not error. There was evidence that the exhibits had been received by the State Crime Laboratory, and tested and sealed by an expert witness employed by the lab; that the seal had not been disturbed until he broke it in open court during the trial of this case; that in the interim they were locked in the lab's physical evidence room, to which only Dr. Herman Jones, the Director and Chief Medical Examiner of the lab, has access. The above evidence meets the standards of both *Pittman v. State,* 110 Ga. App. 625 (139 SE2d

507) and *Starks v. State*, 113 Ga. App. 780 (149 SE2d 841), regardless of the category of evidence in which the exhibits are considered to belong.

3. Having considered every enumeration of error and having found none which would warrant a reversal, the judgment is

*Affirmed. Pannell and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1969—DECIDED OCTOBER 9, 1969.

*Holcomb, McDuff & Dennis, Donald Dennis, Robert E. Mc-Duff,* for appellant.

*George W. Darden,* for appellee.