## 48232. RUTLAND v. THE STATE.

DEEN, Judge. This is an appeal on the general grounds from a burglary conviction. The state's evidence shows that the prosecutrix lived in a house about 150 feet from a general store, and that between 3:30 p.m. and 5:00 p.m. someone threw a dress over her head and stole her purse, which was later discovered in a nearby field. She saw a black left arm, and attempted to scratch it. The evidence linking the defendant with the crime was as follows: He was seen from the store at about 4:00 p.m. walking down the highway, and again at around 4:20 p.m. A third person saw him in the area of the store and house between 3:30 p.m. and 4:00 p.m. All witnesses agreed that he was barefooted. One large barefoot track was found in the back yard of the prosecutrix' home, and another on a dirt road some distance away. The sheriff testified that the following day he examined the black defendant's left arm and noted scratches. There was no attempt to compare the footprints with the defendant's feet.

Mere presence near the scene of a crime is not sufficient to support a conviction. *Jones v. State,* 64 Ga. App. 308 (13 SE2d 91). Nor are

the tracks found sufficient, unless they are shown to have been those of the defendant. *Lindsey v. State,* 9 Ga. App. 299 (3) (70 SE 1114). Testimony that there were scratches on the defendant's arms was admissible, but nothing identified them as being consistent with having been made by fingernails, and the prosecutrix in fact was not certain that she had succeeded in scratching her assailant. As stated by the appellant's able counsel, the sight of a barefoot man on the country roads of Georgia is not so rare that it will serve to establish identity.

The evidence was entirely circumstantial, and was insufficient to support the conviction.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED MAY 29, 1973 — DECIDED JUNE 27, 1973.

*W. B. Mitchell,* for appellant.
*Edward E. McGarity, District Attorney,* for appellee.