75848. HERNDON v. THE STATE.
(369 SE2d 264)

POPE, Judge.

Defendant appeals from his conviction of violation of the Georgia Controlled Substances Act. We affirm the conviction.

1. At trial, the state produced a bag containing the marijuana defendant participated in selling to the undercover agent. The chemist who originally tested the substance was. no longer employed by the state crime lab and the state presented as a witness a second crime lab employee who also tested the substance and testified that it was marijuana. The written report on the original test of the substance was produced to defendant. However, the crime lab chemist who appeared at trial testified she made no written report of her findings. Therefore, we reject defendant's argument that the witness' testimony should have been excluded for failure to provide the defendant with a copy of a written scientific report, pursuant to OCGA § 17-7-211 (b). "[OCGA § 17-7-211] applies to scientific reports in writing and not oral reports of experts relaying the results of tests." *Perry v. State*, 255 Ga. 490, 492 (339 SE2d 922) (1986). See also *Faircloth v. State*, 253 Ga. 67 (2) (316 SE2d 457) (1984); *Law v. State*, 251 Ga. 525 (2) (307 SE2d 904) (1983).

We also reject defendant's claim that the state failed to establish a proper chain of custody for the tested substance. The testimony of the undercover agent established that the substance in question was taken from defendant's accomplice and was submitted by him to the state crime lab. Although the individual who originally tested the substance was not available to testify at trial, the state's expert witness established that no other person had access to the substance once it arrived at the state crime lab besides herself, the original tester and their supervisor. Therefore, the identity of the sample and the chain of custody to preserve its identity was sufficiently established to per-

mit its introduction into evidence. See generally *Patterson v. State*, 224 Ga. 197 (2) (160 SE2d 815) (1968); *Terry v. State*, 130 Ga. App. 655 (204 SE2d 372) (1974); *Pittman v. State*, 110 Ga. App. 625 (1) (139 SE2d 507) (1964).

2. Defendant argues the trial court erred in admitting the testimony of his accomplice because the state failed to list the accomplice as a witness pursuant to OCGA § 17-7-110. However, the record shows defendant, himself, subpoenaed the accomplice as a witness. The accomplice testified he previously discussed the facts of the case with defendant's counsel. "[T]he purpose of OCGA § 17-7-110 . . . is to insure that an accused is not confronted at trial with testimony against him from witnesses who [sic] he has not had the opportunity to interview prior to trial." *Redmond v. State*, 252 Ga. 142 (2) (312 SE2d 315) (1984). We find no error in permitting said witness to testify.

3. The undercover agent testified he approached defendant's accomplice and asked for his help in obtaining marijuana. The accomplice told him he would call his friend Jack, who would know where to obtain the marijuana. On cross-examination, defendant's attorney asked the undercover agent if the accomplice told him who Jack was. The state's witness responded: "He said it's a chain gang buddy of mine that escaped. . . ." On appeal, defendant argues this comment shows the state improperly placed his character into evidence. "[A] passing reference to a defendant's record does not place his character in evidence." *Johnson v. State*, 256 Ga. 604, 605 (351 SE2d 623) (1987). This passing reference made in response to a question by defendant's attorney provides no ground for overturning defendant's conviction or granting a new trial.

4. Defendant argues he is entitled to a directed verdict because, pursuant to OCGA § 24-4-8, he cannot be convicted by the uncorroborated testimony of the accomplice identifying the defendant as the man who assisted in making the sale to the undercover agent. The undercover agent identified defendant as the driver of the automobile who picked up the accomplice from the accomplice's home and who returned with him a short time later, at which time the accomplice made the sale. Defendant testified the state's witness would have been in no position to see him in the automobile. The credibility of witnesses and the weight to be accorded their testimony is the sole province of the jury. *Murff v. State*, 165 Ga. App. 808 (4) (302 SE2d 697), rev'd on other grounds, 251 Ga. 478 (306 SE2d 267) (1983). The testimony of the state's witness, viewed in the light most favorable to the verdict, was sufficient to corroborate the testimony of the accomplice and to support defendant's conviction.

5. Defendant argues the trial court erred in failing to charge the jury on the lesser included offense of possession of marijuana. De-

fendant testified at trial and denied having any knowledge that his accomplice was in possession of marijuana or purchased marijuana in order to sell it to the undercover agent. The only evidence concerning defendant's possession of marijuana was the testimony of the undercover agent that the accomplice told him defendant had smoked a joint from the bag sold to the agent on the way back to the accomplice's home. This was merely a hearsay statement and would be insufficient evidence to establish defendant's possession of marijuana. It is not error for the trial court to refuse to charge on a lesser included offense when, as here, the evidence does not reasonably raise the issue that defendant may be guilty of a lesser crime. *Quick v. State*, 139 Ga. App. 440 (5) (228 SE2d 592) (1976).

6. In applying the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find the evidence was sufficient, when construed in favor of the verdict, to sustain a finding of guilt beyond a reasonable doubt by a rational trier of fact.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 6, 1988 —
REHEARING DENIED MAY 6, 1988.

*Tamara Jacobs*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Eric D. Hearn, Assistant District Attorney*, for appellee.