## A89A0151. MILES v. THE STATE.
(380 SE2d 86)

SOGNIER, Judge.

Leon Miles was convicted of a violation of the Georgia Controlled Substances Act, and he filed this appeal.

Appellant enumerates the general grounds. Construed to support the verdict, the evidence adduced at trial revealed that Officer D. M. Brown and Detective W. M. Smart of the narcotics division of the Atlanta Police Department were conducting an undercover drug investigation on October 1, 1987 when they were approached by Edward Bozeman, appellant's co-defendant, who offered to find them some "reefer" and cocaine. The officers drove Bozeman in their unmarked car a short distance to Bradley Avenue, where they observed appellant and several other men sitting or standing on the sidewalk. Officer Brown testified that as Bozeman alighted from the car and began walking toward this group, appellant walked forward to meet him, they talked briefly, and then appellant walked across the street to the corner of a house about thirty yards away from the car. Officer Brown stated that he then saw appellant bend over and pick up something and hand it to Bozeman. Detective Smart testified that he saw Bozeman receive a small foil packet from appellant and then hand appellant the twenty dollar bill Officer Brown had given to Bozeman to make the cocaine purchase. Bozeman thereafter returned to the car and gave the officers the foil packet, which contained a white powder that proved to be cocaine. Appellant testified that he merely directed Bozeman to the side of the house and indicated to Bozeman another person from whom he could purchase cocaine. During his testimony Bozeman stated that at appellant's direction he went beside the porch and bought the cocaine from an unidentified girl, but Officer Brown testified that he looked toward the side of the house as they drove off thirty seconds later and saw no one there. Appellant also testified that when he was arrested approximately ten minutes after the sale he had only a ten and two fives in his possession and that another man in the group on the street had the twenty dollar bill.

Although there was a conflict in the evidence between the officers' version of the events and the testimony given by appellant and Bozeman, assessment of the credibility of witnesses and determination of the weight to be accorded their testimony are the sole province of the jury. *Herndon v. State,* 187 Ga. App. 77, 78 (4) (369 SE2d 264) (1988). Viewed in the light most favorable to the verdict, the testimony of the State's witnesses was sufficient to authorize the jury to conclude that appellant sold the cocaine to Bozeman. See id. Accordingly, we find the evidence sufficient to enable a rational trier of fact to find appellant guilty of the crime charged beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d

560) (1979).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MARCH 16, 1989.

*Jonathan J. Wade, Robert H. Alexander III*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, Keith L. Lindsay, Assistant District Attorneys*, for appellee.