## A89A1095. DAVIS v. THE STATE.
### (385 SE2d 17)

SOGNIER, Judge.

Leon Davis was convicted of selling cocaine to an undercover GBI agent, and he filed this appeal.

Appellant enumerates the general grounds. The record reveals that at approximately 4:42 p.m. on August 23, 1987, GBI agents Mechel Washington and Kim Brown were accompanied to a mobile home in Wrightsville by a confidential informant, who summoned from the home a man both agents identified as appellant. The agents testified that appellant told them he had nothing at his home, but would meet them at a downtown car wash in ten minutes. When they arrived at the designated location, appellant decided it was too crowded, so the agents and the informer followed appellant to a vacant building, whereupon the informer alighted from the car, and appellant entered the front seat and sold Washington a foil package containing what later proved to be cocaine while Brown watched from the backseat. Washington stated that appellant was driving a white Malibu, and also recalled that he had a silver cap on one of his front teeth.

Appellant testified that on the day in question he left the home of his former wife, Brenda Wright, around 10:00 that morning, picked up Doris Murray, another former wife, and accompanied her, his sister, and his sister's children to a mall in Dublin. He testified further that after returning to Wrightsville and visiting with his mother, he went back to Wright's home around 6:00 p.m. Brenda Wright testified that appellant left her house around 8:30 a.m. on August 23rd and returned at 7:00 p.m. Doris Murray testified that she went to the Dublin mall with appellant on that day, and then returned with him to Wrightsville around 6:00 p.m. after visiting with his mother and sister. Other evidence established that appellant did drive a white Malibu, that he had a silver capped tooth, and that he lived in a mobile home during August 1987. Further evidence showed that the tag

number of the Malibu, as recorded by the agents, matched the number of a tag issued to "Leon Davis" at an address where appellant had briefly resided.

Appellant contends that because of his alibi testimony, which was corroborated by two other witnesses, a rational trier of fact could not have found him guilty beyond a reasonable doubt. However, "[t]he credibility of witnesses and the weight to be accorded their testimony is the sole province of the jury. [Cit.]" *Herndon v. State*, 187 Ga. App. 77, 78 (4) (369 SE2d 264) (1988). The testimony of the State's witnesses, viewed in the light most favorable to the jury verdict, was sufficient to support appellant's conviction, see id., and accordingly we find the conviction satisfies the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 14, 1989.

*Harrison, Hicks & Hicks, William E. Hicks*, for appellant.
*Ralph M. Walke, District Attorney, Tyson Blue, Assistant District Attorney*, for appellee.

