KESSLER v. THE STATE.

1. One who owns or controls a house and leases it to another for the purpose
   of keeping a lewd house, or who rents it to another, knowing that it is to be
   used for this purpose, or, after having leased the house, knowingly permits
   the occupant to use it for the practice of fornication or adultery, main-
   tains and keeps a lewd house and is indictable under the provisions of the
   Penal Code, § 391.   The offense being a misdemeanor, all concerned in the
   perpetration are indictable as principals.
2. The evidence authorized the verdict, and no reason has been shown for
   reversing the judgment refusing a new trial.

Argued December 21, 1903. — Decided January 12, 1904.

Accusation of keeping and maintaining a lewd house.    Before
Judge Hodges.   City court of Macon.   October 31, 1903.

The plaintiff in error rented a house from the owner of it for a
term of three years, and sublet it at a profit to a lewd woman,
knowing that her intention was to maintain it as a lewd house, and
that it had been so maintained for years by others.   He continued
to sublet it to her after knowing that she was actually carrying it
on as such; though he contributed nothing toward carrying on the
woman's business, and received none of the profit therefrom.   He
did receive, beside the profit on the rental, a profit on goods he sold
to the woman and on money he loaned to her.    There was testi-
mony also that he visited the house and indulged in sexual inter-
course with his tenant and other women therein.   The parts of the
charge to the jury which are assigned as error are:    (a) " If you
believe, from a consideration of the evidence in this case, that
Henry Kessler leased from Wolff a certain house in Bibb county,
and sublet and rented the same to the Allen woman for the pur-

pose of the Allen woman keeping and maintaining a lewd house upon said premises, and that the Allen woman was a lewd woman, and that Kessler knew she was a lewd woman, and that Kessler rented to her the house intending that she should conduct, keep, and maintain a lewd house therein, and that she did keep and maintain a lewd house, by and with the knowledge of Kessler, at the time as laid in the accusation, then I charge you that Kessler would be guilty of keeping and maintaining a lewd house, and would be, in the eyes of the law, a principal in the alleged misdemeanor." (*b*) " If you believe, from the evidence in the case, that Kessler was the landlord and that the Allen woman was the tenant, and that Kessler rented her the house, and that he knew that she intended keeping and maintaining a lewd house at the time he rented it to her, and that the Allen woman did keep and maintain a lewd house therein in accordance with their joint intention, and that Kessler, at any time within two years next preceding the date laid in the accusation, practiced, with the Allen woman or other inmates of the house, adultery or adultery and fornication in said house, and that said house was a lewd house, then I charge you that you would be authorized to convict him." (*c*) " Under the law it is not necessary, to make out the offense of maintaining and keeping a lewd house, that the defendant kept and maintained the house for lucre or gain ; and it is not necessary under the law that the accused should be the real owner or proprietor of the house; but he is guilty if he aids and abets another in keeping and maintaining a lewd house, that is to say, if he contributes in any way substantially to maintain and keep such house, with the knowledge that the same was a lewd house, and with the purpose of keeping and maintaining such a house on his part, then such party is guilty as principal ; for in misdemeanors in our State all principals and accessories before the fact and all aiders and abettors are equally guilty as principals." (*d*) " If you believe from the evidence that Kessler let the house to the Allen woman with the intention that the Allen woman was to keep and maintain a lewd house therein, and that in pursuance of such intention on the part of Kessler and herself she did keep and maintain a lewd house therein, then I charge you that Kessler would be particeps criminis — an aider and abettor in the alleged misdemeanor, and he would be guilty."

Citations from the briefs (other than those given in the opinion). Penal Code, §§ 391, 398; 20 *Ga.* 449; 36 *Ga.* 280; 46 *Ga.* 26; 53 *Ga.* 241; 57 *Ga.* 390; 76 *Ga.* 82; 115 *Ga.* 831; 38 *Ga.* 542–7.

*Estes & Jones* and *M. R. Freeman*, for plaintiff in error.

*William Brunson* .*solicitor-general*, and *M. Felton Hatcher*, contra.

COBB, J.     If the owner of a house leased it to another for the purpose of keeping a lewd house, or if he leased it with the knowledge that it was to be so kept, he was guilty of a misdemeanor at common law.     9 Am. & Eng. Enc. L. (2d ed.) 527; 5 Id. (1st ed.) 699; 2 Clark & Mar. Crimes, 1125; 2 Bish. Crim. Proc. § 119; Hughes' Cr. L. & Proc. § 2099; 2 Whart. Cr. L. (10th ed.) § 1459.     Penal Code, § 391, which declares that " if any person shall maintain and keep a lewd house, or place for the practice of fornication or adultery, either by himself or others, he shall be guilty of a misdemeanor," is but a codification of the common law.   To sustain an indictment under the section just quoted, it is necessary to show only that the accused contributed to or aided, directly or indirectly, in maintaining and keeping a lewd house.   *Clifton* v. *State*, 53 *Ga.* 241.   One placing another in possession of a house for the purpose of being used for lewd purposes, or giving possession with knowledge that it is to be so used, directly aids him who is thus placed in possession, in the unlawful enterprise by him therein carried on, and is liable to indictment as the keeper of a lewd house under the provisions of the Penal Code, § 391.   As the offense is a misdemeanor, all persons aiding, directly or indirectly, in its perpetration are indictable as principals; and it is upon this principle of the common law that the numerous authorities holding that the owner or controller of the house is indictable as keeper and maintainer are based.   The charges complained of were in accord with the principles above laid down, and were therefore not erroneous.

*Judgment affirmed.   All the Justices concur.*