23435.   HARRIS *v.* THE STATE.

DECIDED NOVEMBER 18, 1933.

*Porter & Mebane,* for plaintiff in error.
*James F. Kelly, solicitor-general, J. R. Rosser,* contra.

GUERRY, J.   ■   Alvin Harris was convicted of the offense of burglary. The evidence relied on by the State was the recent possession of stolen property. The defendant complained that the court erred in charging the jury, "'if you find that the article or thing alleged in the indictment was stolen by some one, and that very soon thereafter this article or thing stolen was found in the recent possession of the defendant, if such possession is not satisfactorily explained, consistent with his innocence, would authorize you to identify the defendant as the guilty party, and convict him of the offense charged; but to do this you must be convinced from other evidence that the offense charged has been committed, and the whole evidence, taken together, must exclude every other reasonable hypothesis save that of the guilt of the accused." The presumption of guilt arising from the recent unexplained possession of stolen property is one of fact and not of law. Such possession is sufficient to authorize the jury to find, as a matter of fact, that

the defendant is guilty. The charge above excepted to does not tell the jury that as a matter of law the defendant would be guilty, but only tells them that such possession is sufficient to authorize them as a matter of fact to find the defendant guilty. The court did not err in so charging.

■ The only other special ground of the motion for a new trial complains that the court erroneously allowed the State to introduce, over timely objection, evidence that the defendant, shortly before the larceny in the present case, sold some "binoculars," at five o'clock in the afternoon, to the witness. This testimony was objected to on the ground that it was immaterial, irrelevant, and prejudicial. There was nothing in the case to show that these binoculars were stolen, or that any one had missed any binoculars. The objection that this evidence was immaterial and irrelevant was certainly well taken, under the facts as disclosed by the record, and requires the grant of a new trial. "Evidence irrelevant to the issue on trial should not, when objected to on that ground, be permitted to go to the jury; and when such evidence is calculated to prejudice the jury against one of the parties, its admission over proper objection affords good ground for a new trial." *Gunn* v. *Head,* 116 *Ga.* 325 (42 S. E. 343). It becomes pertinent to inquire whether such evidence was harmful or prejudicial to the defendant, for unless such evidence is harmful or prejudicial, the defendant may not complain. The determination of such an issue depends upon the facts of the particular case. Sometimes the article or thing itself handled may be sufficient because of its unusualness to excite suspicion and cause investigation. The court, as Georgia-raised citizens, will take judicial cognizance of the fact that "binoculars" are an unusual article of property, especially among people of color, and, as suggested by counsel for the plaintiff in error, "wild inferences" may be and were drawn by State's counsel in argument to the jury as to what this negro was doing with binoculars. The court can readily understand the effect produced on the mind of the jury by the introduction of testimony showing that the defendant was selling such an article as "binoculars." It no doubt occurred to the mind of the jury, if not suggested by State's counsel in his argument, that the defendant, a negro, in Rome, Georgia, had no more use for binoculars than "a hog has for a side-saddle." The introduction of such evidence, entirely disconnected with any

issue in the case, tended to raise in the minds of the jury a question as to how or why the defendant had such property, and why he was selling the same to Mr. Yalowitz at five o'clock on a Feburary afternoon. Such a question so raised quickly becomes a suspicion which lends additional color and strength to the charge that the selling by the defendant of the radio set of the value of $180, which had recently been stolen, for the sum of ten dollars was a circumstance that required a more definite and clearer explanation than that given. We think the court erred in allowing such testimony to go to the jury.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*