32823, 32824. KINNEY *v.* THE STATE (two cases).

DECIDED JANUARY 26, 1950.

*George W. Westmoreland,* for plaintiff in error.

*Hope D. Stark, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) In *Fanning* v. *State,* 17 *Ga. App.* 316, 319 (86 S. E. 731), the court stated: "To sustain a charge of this character, it must appear first that the house was a common, ill-governed, and disorderly establishment, and further that the keeping and maintenance of it encouraged idleness, or gaming, or drinking; or other misbehavior; or else that the house was kept and maintained in such a manner as to cause common disturbance of the neighborhood or orderly citizens." The evidence was sufficient to sustain this charge.

It is contended by counsel for the defendants, however, that as to Tom Kinney there is no evidence to show that he is the head of the house, and, as to Grace Kinney, it is to be conclusively presumed that her husband Lee is head of the house, and that therefore the defendants cannot be convicted under these indictments, which charge them with maintaining the house under the conditions prescribed. There is sufficient evidence to indicate that this would be the case if Lee Kinney were in fact living in the house as an active member of the household, but, in his protracted absence, such presumptions cannot be indulged.

In *Brannan* v. *State*, 43 *Ga. App.* 231 (158 S. E. 355), the defendant's claim that the tourist camp in question was owned by her husband and managed by his employees during his illness was held not to absolve her, since she lived on the premises and had a general supervision thereof during her husband's absence. In the instant case, the acts charged were committed at times during which the technical head of the house was not present, and therefore, if either or both of the defendants maintained a disorderly house or contributed to the maintenance thereof, such party would be responsible for the acts committed therein. In *Ward* v. *State*, 22 *Ga. App.* 786 (97 S. E. 198), it is held that, since all persons aiding directly or indirectly in the commission of a misdemeanor are guilty as principals, a person participating in improper conduct, although not the head of the house, was an accessory and guilty as a principal. Since it appears that the acts charged were committed by both defendants, and there is no evidence that either was coerced or deprived of freedom of movement by the other, the jury was authorized to find that each defendant aided and abetted the maintenance of a disorderly house, and that each was guilty as a principal. See also *Kessler* v. *State*, 119 *Ga.* 301 (46 S. E. 408); *Clifton* v. *State*, 53 *Ga.* 241.

*Durham* v. *State*, 49 *Ga. App.* 374 (175 S. E. 542), and other cases cited by council for the defendants, apply to relieve a wife of criminal liability only when she is living with her husband and is under his direction and control. They are therefore inapplicable in the present case.

The trial court did not err in overruling the motions for a new trial.

*Judgments affirmed. MacIntyre, P. J., and Gardner, J., concur.*