18339. KING *v.* THE STATE.

WYATT, Justice. 1. This plaintiff in error was indicted jointly with Joe Lee Jones for the crime of murder, and was convicted without a recommendation to mercy. The general grounds of the motion for new trial are controlled by the ruling made in the case of *Jones* v. *State,* post.

2. The first special ground complains because of "the admission of testimony of Judge Davis relating to the statements made by the defendant when he was arraigned before him." The objection made was that the language was not that of the defendant on trial and was not in the identical words of the defendant, and that the statement read to the jury "was based upon memoranda asked by leading questions." The magistrate testified that, when the defendant appeared before him after arrest, he was advised of his right to have counsel and to a postponement of the hearing if he so desired. The defendant said that he did not want either and proceeded to make a statement. It was reduced to writing by the magistrate, and after being read over to him, was signed by the defendant on trial. This writing was what the magistrate read to the jury, and was then introduced in evidence. The magistrate testified that, as the plaintiff in error made the statement, he reduced it to writing as nearly in the words of the defendant as he could, and that he then read it back to the defendant, and he then signed the writing. Counsel for the plaintiff in error cites no authority for his position, and we know of none. On the contrary, this court as recently as *McClung* v. *State,* 206 *Ga.* 421 (2) (57 S. E. 2d 559), has held that a written confession is admissible in evidence when freely and voluntarily made. This case follows a very long line of decisions by this court. The magistrate expressly testified that he did not ask the plaintiff in error any leading questions. It follows there is no merit in this ground.

3. Special ground two, not having been argued, will be treated as abandoned.

4. Special ground three complains because the sheriff testified to an alleged confession made by the defendant on trial, and testified that, during the course of the conversation when the alleged confession was made, he said to the plaintiff in error, "I drew a presumption, a picture within his mind and my mind and the condition of his body (deceased), and he was in the grave and how terrible it was, in a more or less sympathetic manner, and I told him the condition he was living in he ought to do something about it with his Lord." The objection to the alleged confession was: "I want to make an objection to this statement as gone into as having some hope of reward held out to him in his statement to him about making it right with his Lord and getting right with his Lord." The contention is that this language held out hope of reward at the time the alleged confession was made. This contention is not elaborated on by the plaintiff in error in his brief. We simply fail to see any hope of reward contained in this language.

5. Special ground four complains because of the failure of the trial judge, without request, to charge the law of circumstantial evidence. This contention is controlled by *Jones* v. *State,* post.

6. Special ground five complains of the following excerpt from the charge of the court: "The law presumes every homicide to be felonious until the contrary appears from circumstances of alleviation or excuse or justification, and it is incumbent upon the prisoner to make out, by a preponderance of the evidence, such circumstances to the satisfaction of the jury, unless they arise out of evidence produced against him by the State." The contention is that this excerpt was not a sound principle

of law as applied to the plaintiff in error's case, was misleading to the jury, and deprived the defendant on trial of the legal presumption of innocence in his favor. Before giving this excerpt, the judge had charged the jury, "If you find the defendant committed the homicide alleged." He further charged to the effect that justification, mitigation, or excuse might appear from the evidence adduced by the State. This court has repeatedly held that this excerpt from the charge given, under these circumstances is not error. See *Whitfield* v. *State*, 209 *Ga.* 804 (76 S. E. 2d 405).

7. Special ground six, not having been argued in this court, will be treated as abandoned.

8. Special ground seven complains of the failure of the trial judge to charge the law of confession, without a written request. For one of a number of the more recent decisions of this court as to the effect of a failure to charge the law of confessions when no request is made in writing, see *Phillips* v. *State*, 206 *Ga.* 418 (2) (57 S. E. 2d 555).

9. It follows, there is no merit in the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1953—DECIDED OCTOBER 13, 1953.

*A. T. Walden, Frank A. Bowers,* for plaintiff in error.

*John J. Flynt, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.