36610. SPENCER *v.* THE STATE.

TOWNSEND, J. 1. Evidence which does not in any reasonable degree tend to establish the probability of the fact in controversy is irrelevant and inadmissible. *Alexander* v. *State*, 7 *Ga. App.* 88 (66 S. E. 274). Where such evidence is admitted, and its effect is prejudicial to the defendant in that it tends to blacken his character and inflame the jury against him, this constitutes reversible error. *Hagin* v. *State*, 86 *Ga. App.* 92 (2) (70 S. E. 2d 795); *Harris* v. *State*, 47 *Ga. App.* 864 (2) (171 S. E. 871). Special grounds 1 and 5 complain of the admission in evidence of certain obscene literature found in the defendant's automobile, which he admitted belonged to him, but which had no connection with the burglary charge for which he was on trial (the literature having to do with unnatural sex acts which would be especially likely to disgust and prejudice the jury). This evidence being irrelevant and prejudicial, and tending to place the defendant's character in issue, its admission constitutes reversible error.

2. The remaining special grounds show no reversible error. The charge on confessions was withdrawn by the trial court by the express statement to the jury that there was no evidence of a confession by the defendant and they should disregard his charge thereon. The identification by the owner of the burglarized establishment of certain coins taken from the place was sufficient to allow their admission in evidence, together with a glove found in the defendant's automobile in which the coins were discovered, and, this being so, there was no error in charging the law applicable to the possession of stolen property. The general grounds of the motion for new trial are not passed upon as the case is to be tried again.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED APRIL 2, 1957.

*William H. Burke,* for plaintiff in error.
*Luther C. Hames, Jr., Solicitor-General,* contra.

DECIDED APRIL 2, 1957.