### 19802. DADE *v.* DADE.

CANDLER, Justice. On May 31, 1952, Ralph E. Dade sued Dorothy Laird Dade in Fulton County for divorce, alleging cruel treatment as his ground therefor. Answering the petition, the defendant denied its alleged acts of cruelty, and by cross-action, in which she prayed for divorce and alimony, alleged that the plaintiff was guilty of habitual intoxication and of wilfully inflicting acts of cruelty on her. The defendant later amended her cross-action by alleging that she had paid stated amounts of the purchase money for certain lands which she and the plaintiff had acquired together but in his name; and there is a prayer that her interest in such property be determined and fixed by decree. Her amendment was allowed on April 9, 1956, subject to demurrer, but no demurrer was interposed thereto. The jury granted the defendant a divorce on her cross-action, awarded her, as permanent alimony, an undivided one-half interest in a house and lot at 1810 South Gordon Street in Atlanta, Georgia, and certain household furniture and household equipment, and removed the plaintiff's disabilities. The plaintiff's motion for a new trial as amended was denied, and the exception is to that judgment. *Held:*

1. The verdict is amply supported by evidence and it has the approval of the trial judge. Hence the general grounds of the motion for new trial are without merit.

2. One of the special grounds of the motion for new trial alleges that the judgment rendered does not follow the verdict, and that it is for this reason "contrary to law, harmful and prejudicial to . . . movant," and because of such error a new trial should be granted. This ground of·the motion presents no question for decision. Only questions respecting the validity of the verdict can be raised by a motion for new trial; and a contention that the judgment or decree in this case does not follow the verdict is not one respecting its validity. If the judgment did not in fact follow the verdict, the plaintiff should have moved to remold it so as to conform to the verdict,

and on a refusal to do so a direct exception to this court should have been taken. *Hubbard* v. *Whatley*, 200 *Ga.* 751 (38 S. E. 2d 738); *Smith* v. *Smith*, 206 *Ga.* 461 (57 S. E. 2d 611), and the cases there cited.

3. The remaining special ground alleges that a new trial should be granted because neither the movant nor his counsel were served with a copy of the defendant's pleadings prior to the filing thereof, as required by Code (Ann.) § 81-301. Even if the plaintiff were not served with a copy of the defendant's answer, cross-action, and the amendment to her cross-action, this ground is lacking in merit, since there was no motion to continue the cause until the next term for want of such service; and this is true because the last sentence in § 81-301, fixing the penalty for such failure, declares: "Provided, that if the party filing the demurrer, plea or cross-action fails to serve the opposite party as provided in this section, the judge shall continue the entire proceedings to the next term of court upon motion made by the injured party."

4. It follows from the rulings made in the preceding divisions that the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1957—DECIDED OCTOBER 11, 1957.

*C. W. Buchanan*, for plaintiff in error.
*Powell, Goldstein, Frazer & Murphy, James K. Rankin*, contra.