### 41864.   BLACKWELL v. THE STATE.

HALL, Judge. The defendant appeals from convictions on six counts of an accusation for maintaining a lewd house for the practice of fornication (*Code* § 26-6102); procuring named females to become prostitutes, accepting proceeds of prostitution from a prostitute without consideration (*Code Ann.* § 26-6404); and offering to receive named females into a house for the purpose of prostitution (*Code Ann.* § 26-6203).

1. The defendant argues that evidence of statements made by him in a conversation overheard by the arresting officers who had concealed themselves, as planned between them and the person with whom the defendant talked, amounted to evidence given by him involuntarily and without the advice of counsel, and coerced from him in violation of his rights not to be compelled to be a witness against himself, and that the admission of this evidence was prohibited by the Fourth, Fifth and Sixth Amendments to the Constitution of the United States and

Art. I, Sec. I, Pars. V, VI, and XVI of the Constitution of the State of Georgia.

Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977), does not support the defendant's contention that in these circumstances he was denied the right to counsel in violation of constitutional guarantees. Nor does the fact that the defendant made the statement when he was under the deception that no adverse witness was present create an issue whether the statement was coerced or involuntary so as to make the decision in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) applicable.

An involuntary statement is one induced "by the slightest hope of benefit or remotest fear of injury." Code § 38-411; Hudson v. State, 153 Ga. 695, 698 (113 SE 519).

The Georgia Code, § 38-412 provides: "The fact that a confession shall have been made under a spiritual exhortation, or a promise of secrecy, or a promise of collateral benefit, shall not exclude it." Accord King v. State, 210 Ga. 92 (4) (78 SE2d 20). Justice Bleckley said in Cornwall v. State, 91 Ga. 277, 282 (18 SE 154), of admissions made to a detective when the accused was misled and deceived that the detective was in sympathy with him, "The means used to obtain them did not prevent them from being free and voluntary . . . the hope and belief that he had found a friend would not render it the least probable that an admission or confession made to the supposed friend was untrue; and the reason why confessions made under the influence of hope are excluded is the danger of their being false." This is also the view of most textwriters. 3 Wigmore, Evidence (3d Ed.) 281-282, § 841; McCormick, Handbook of the Law of Evidence 232, § 111; Underhill, Criminal Evidence (5th Ed.) 982, § 386; 1000, § 390; 2 Wharton, Criminal Evidence (12th Ed.) 115; 20 Am. Jur. 474, § 560; 22A CJS 1049, § 732. Accord Marable v. State, 89 Ga. 425, 428 (15 SE 453); Sanders v. State, 113 Ga. 267, 269 (38 SE 841); Nix v. State, 149 Ga. 304, 307 (100 SE 197).

The defendant's enumerations of error numbered 4, 5, 6, 7, 8, 10, 11, 20, 21 and 22 do not show error.

2. In enumeration of error No. 9 the defendant contends that the trial court erred in failing to exclude on the defendant's motion testimony given by a witness on cross-examination which the defendant objected to as not being responsive to

the question asked. The defendant's. enumeration of error and the record do not show that, following the colloquy between the court and counsel concerning the objection, the defendant renewed or perfected his motion to exclude the testimony, and do not show how this particular testimony prejudiced the defendant.·

3. Neither the defendant's enumeration of error No. 12 nor the record shows error in the admission of testimony over. his objection that "Any statement which was obtained from the defendant during the course of the investigation of this case would not be admissible until the proper foundation had been laid.for its admissibility, and that proper foundation had not been laid by the State for the admissibility of said conversation." *James v. State*, 215 Ga. 213 (109 SE2d 735).

4. In enumeration of error No. 17 the defendant contends that it was error to deny his motion for mistrial. on the ground that the court, in the presence of the jury, expressed an opinion, harmful to the defendant, as to what certain evidence tended to establish. Following the defendant's objection· to evidence offered by the State the court stated: "Any. act that would aid and abet in carrying on the business of a lewd house would be admissible, I think it would be aiding· and abetting the carrying on the business of a lewd house." An intelligent jury would not in the circumstances construe this remark made by the court in ruling on the defendant's objection as an expression of opinion of the truth of the testimony objected to or its sufficiency to establish a fact. .The court's statement did not, as was held of an instruction given by the court in *Robinson v. State*, 207 Ga. 337, 339 (61 SE2d 475), intimate "an opinion by the trial judge that a fact essential to the conviction of the accused had been established by the evidence." *Imperial Investment Co. v. Modernization Const. Co.*, 96 Ga. App. 385 (100 SE2d 107); *Merritt v. State*, 110 Ga..App. 150, 153 (137 SE2d 917).

5. In enumerations of error numbered 13, 14, 15, 16, 18 and 19, the defendant contends that evidence of events that took place more than three months before the date of the defendant's alleged offenses, or at a place other than the place alleged in the accusations, or in which the defendant did not participate, was inadmissible because prejudicial to the defendant..and irrelevant, not connected with· the defendant, or relating to a time too remote from the date of the offenses with. which

the defendant was charged. The authority cited by the defendant holds that it is reversible error to admit evidence prejudicial to the defendant that is disconnected with any issue in the case, or does not in any reasonable degree tend to establish the probability of a fact in controversy. *Harris v. State,* 47 Ga. App. 864 (171 SE 871); *Hagin v. State,* 86 Ga. App. 92 (70 SE2d 795); *Spencer v. State,* 95 Ga. App. 454 (98 SE2d 94). The evidence complained of here is not of that irrelevant character, but rather, in connection with other facts in evidence, would throw light on the issues in the case. *Keener v. State,* 18 Ga. 194, 228; *Black v. State,* 187 Ga. 136 (199 SE 810); *Vun Cannon v. State,* 208 Ga. 608, 612 (68 SE2d 586); *Kutzchan v. State,* 68 Ga. App. 121 (22 SE2d 410); *Bell v. State,* 72 Ga. App. 848 (35 SE2d 383); *Garner v. State,* 83 Ga. App. 178, 184 (63 SE2d 225).

6. The evidence was sufficient to support the convictions. *Kessler v. State,* 119 Ga. 301 (46 SE 408); *Loeb v. State,* 6 Ga. App. 23 (64 SE 338). Enumerations 1, 2, 3 and 23 show no error.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

Submitted March 8, 1966—Decided April 5, 1966—
Rehearing denied April 27, 1966—

*E. T. Hendon, Jr.,* for appellant.

*Jack B. Smith,* Solicitor, *John R. Thompson, William S. Howard, Jr.,* for appellee.