## 51366. FRANKLIN v. THE STATE.

Evans, Judge.

Defendant was convicted and sentenced for the offense of simple battery arising out of an altercation with a state trooper upon being arrested for driving under the influence of intoxicants. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. While the evidence was conflicting, the state's evidence was sufficient to show that the state highway patrolman told defendant he was under arrest, reached up

and took defendant by the arm, defendant pulled back, and drew back his fist, and the trooper then hit him (omitting to state whether with his fist or a slap stick or other weapon), and a fight ensued. The patrolman called on his radio for help, and hit the defendant at least three times (still omitting to state whether with his fist or with a weapon), and when help arrived, the two patrolmen subdued defendant by exercise of considerable force.

The defendant testified, however, that the patrolman used his radio, and defendant thought he was calling a wrecker to tow in the defendant's car; and then the trooper said "I thought I told you to get in that damn car"; and then "the lights went out," which he explained meant that he was hit with a slap stick or some other weapon; and the next thing he remembers was getting out of the car at the hospital.

As to the general grounds, this court is bound by the "any evidence" rule and must accept the state's version of the evidence, as was done by the jury and the trial judge. The evidence of the state was sufficient to show that defendant committed simple battery upon the trooper. See *Dudley v. State,* 228 Ga. 551, 552 (8) (186 SE2d 875); *Welch v. State,* 130 Ga. App. 18 (1, 2) (202 SE2d 223). The enumerations of error involving the question of the sufficiency of the evidence are without merit.

2. The state contends that the defendant, having been legally arrested, had no right to resist arrest and had no right of self-defense as to said arrest, citing Code Ann. § 26-902. But the defendant contends the prosecuting state trooper struck him first (T. pp. 33, 34; T. p. 19), and the evidence clearly shows that the defendant was severely injured by the use of a slap stick. *This was the sole defense of the defendant.* Defendant contends the court erred in refusing to instruct the jury on self-defense as stated in Code § 26-902. It is the duty of the trial court to charge upon every material issue of fact in the case. See *McRoy v. State,* 131 Ga. App. 307, 308 (3) (205 SE2d 445); *Thompson v. State,* 16 Ga. App. 832 (4) (84 SE 591); *Reed v. State,* 15 Ga. App. 435 (1) (83 SE 674); *Wittle v. State,* 50 Ga. App. 170 (1) (177 SE 356). This error requires the grant of a new trial.

3. Defendant contends it was error for the court to

fail to charge the substance of Code § 26-605, to wit, that a person will not be presumed to act with criminal intention. The trial court amply instructed the jury that the defendant entered upon the trial with the presumption of innocence in his favor, and such presumption remained with him until and unless the state introduced evidence to convince the jury beyond a reasonable doubt as to his guilt; and that the jury was the judge of the law and the facts. The court charged as to how a person might commit simple battery by intentionally making physical contact of an insulting or provoking nature with another person and intentionally causing physical harm to another. The court also charged that if the jury believe beyond a reasonable doubt that defendant committed battery, the jury should convict him, and if the jury had a reasonable doubt as to defendant's guilt, the jury should acquit him. The charge as a whole was sufficient to cover the point that a person will not be presumed to act with a criminal intention.

4. The charge in its entirety was sufficient to cover the substance of Code Ann. § 26-501, to wit, that no person should be convicted of a crime unless every element of such crime is proven beyond a reasonable doubt. There is no merit in the complaint that the trial court erred in failing to instruct the jury in accordance with Code § 26-501.

5. Any person who drives or operates a motor vehicle upon the highways of this state shall be deemed to have given his consent to a chemical test for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense allegedly committed while driving or operating a vehicle under the influence of intoxicating liquor. See Code § 68-1625.1; *Westbrooks v. State,* 135 Ga. App. 807. Thus after submitting to the test as required by law, such evidence may be used for any offense allegedly committed while the person was driving or operating a vehicle under the influence of intoxicating liquor. But same should not have been allowed in this case for the offense of simple battery which allegedly arose after the driving had ceased. See *Spencer v. State,* 95 Ga. App. 454 (1) (98 SE2d 94); *Harris v. State,* 47 Ga. App. 864 (2) (171 SE 871).

6. But the state contends that the question was to test the credibility of the defendant who had shortly before testified that he had six beers whereupon he was asked if he knew that his blood alcohol was .20. Under these circumstances, on cross examination of the defendant as a witness in his behalf, he was subject to a thorough and sifting cross examination as to his credibility. The scope of cross examination rested largely with the discretion of the trial judge. Same will not be controlled by a reviewing court unless it is manifestly abused. See in this connection, Code § 38-1705; *Post v. State*, 201 Ga. 81, 84 (39 SE2d 1); *Gravitt v. State*, 220 Ga. 781, 782 (6), 785 (141 SE2d 893). No abuse of discretion of the trial judge in allowing a thorough and sifting cross examination of the witness was shown. The court did not err in denying the motion for mistrial.

7. But for the reasons set forth in Division 2 as to the failure of the court to properly charge the law as to the sole defense of the defendant, a new trial is required.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 30, 1975 — DECIDED OCTOBER 6, 1975.

*Langford, Pope & Bailey, James B. Langford,* for appellant.

*David N. Vaughn, District Attorney,* for appellee.