## 31554. GLOVER v. THE STATE.

NICHOLS, Chief Justice.

The appellant was charged with two counts of rape to which he pled not guilty. The jury returned a verdict of not guilty on Count 1 and guilty as to Count 2. His motion for new trial was overruled and this appeal followed.

1. The first enumeration of error contends the

evidence was insufficient to support the guilty verdict on Count 2. The prosecutrix' testimony was corroborated in all material respects. Although the evidence was in conflict as to whether the prosecutrix voluntarily submitted to the intercourse, it was for the jury to resolve such conflicts in the testimony. The jury resolved this conflict in favor of the state, and this court will not substitute its judgment for that of the jury. *Dade v. Dade,* 213 Ga. 533 (1) (100 SE2d 181) (1957); *Carmichael Tile Co. v. McClelland,* 213 Ga. 656, 661 (110 SE2d 902) (1957). There is no merit in this enumeration of error.

2. The second enumeration of error contends the trial court erred in not recharging the jury on "credibility of witnesses" after the prosecutrix' testimony was reread to them.

After the jury had been deliberating for some time and was unable to reach a verdict, the trial court inquired of the foreman if it was a question of law or a question of fact, to which he replied: "Your Honor, I believe it is a question as to the credibility of certain witnesses." The jury again retired but was still unable to reach a verdict. They returned to the courtroom and asked to have the prosecutrix' testimony reread. The testimony was read to them and there was no request to recharge the jury.

It is obvious that the jury recognized the problem facing them. A recharge on the credibility of witnesses, after rereading only the prosecutrix' testimony, may have overemphasized the question of credibility of this testimony. The trial court did not err in failing to recharge the jury as contended by appellant.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1976 — DECIDED NOVEMBER 2, 1976.

*Holley & Charron, Thomas J. Charron,* for appellant.

*George W. Darden, District Attorney, Joseph L. Chambers, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.