## 32424. LAHR v. THE STATE.

PER CURIAM.

The defendant was tried and convicted of rape, aggravated sodomy and kidnapping. He was sentenced to 15 years for each offense to run concurrently. His motion for new trial was overruled and this appeal filed, enumerating 18 errors.

1. Enumerations of error 1 and 7 complain of the general grounds and failure to direct a verdict of acquittal. Since the defendant admitted all the acts complained of, but contended the prosecutrix voluntarily submitted or suggested them, this only created an issue of fact which was resolved by the jury. The jury resolved this conflict in favor of the state, and this court will not substitute its judgment for that of the jury. *Glover v. State,* 237 Ga. 859(1) (230 SE2d 293) (1976). There is no merit in these enumerations of error.

2. Enumerations of error 2 and 17 complain of the trial court's ruling on defense counsel's motion to reopen the case to allow newly discovered witnesses to testify.

Defense counsel received a telephone call about 11 p.m. after both sides had rested. The call was from two co-workers of the victim. One related the victim's account of the incident told her on the following day, while the other related past instances of drinking by the victim.

The trial court did allow counsel to reopen and present the witness who testified as to the events of the rape as related by the victim, but ruled out the testimony of past instances of drinking as having no bearing on

whether the victim had been drinking on this particular occasion. There was no error in excluding the testimony of the second witness as being irrelevant. Code § 38-202; *Park v. State,* 204 Ga. 766, 771 (51 SE2d 832) (1949).

3. Enumeration of error 3 contends the court erred in allowing the testimony of certain witnesses reread upon request of the jury after asking defense counsel if he had any objection.

In *Watkins v. State,* 237 Ga. 678, 681 (229 SE2d 465) (1976), this court held: "A trial judge may, in his discretion, comply with a request of the jury to hear during their deliberation a portion of the trial testimony. *Person v. State,* 235 Ga. 814 (3) (221 SE2d 587) (1976). However, this procedure should be conducted in the presence of the defendant and his counsel. *Wade v. State,* 12 Ga. 25, 28 (1852); *Green v. State,* 43 Ga. 368, 373 (1871); *Johnson v. State,* 136 Ga. App. 719 (1) (222 SE2d 181) (1975)." Although the trial court should avoid asking questions in the presence of the jury which would tend to make defense counsel the "heavy," the approval of defense counsel was unnecessary to an exercise of the trial judge's discretion; therefore, we see no error which would require the grant of a new trial. See *Swint v. State,* 203 Ga. 430 (6) (47 SE2d 65) (1948).

4. Enumeration of error 4 contends the trial court erred in not declaring a mistrial when it was learned that a member of one of the jurors' families had been a rape victim about three weeks before the trial. Four panels of jurors were brought into the courtroom and one panel was placed in the jury box and sworn. Defense counsel then asked the question: "Have you or any member of your family been a victim of a violent type crime?" The question was not repeated to the remaining panels. Appellant now contends the question was asked en masse and would have required an affirmative answer from the juror in question. Ga. L. 1956, p. 64 (Code Ann. § 59-720) provides that jurors be placed in the box in panels of 12 for examination. The oath is administered by panels of 12; the voir dire questions are propounded to panels of 12 and defendant can question them in panels of 12 or individually but not en masse to the entire group of 48 jurors at one time.

The record does not contain a transcript of the voir dire examination and the only showing is an affidavit of the juror stating that she was not asked this question.

There was no showing the the question was asked this jurors' panel when such panel was put upon the accused. There is no merit in this enumeration of error.

5. The sixth enumeration of error complains of the admission of certain exhibits into evidence. One of the items admitted was identified as containing marijuana. The exhibit consisted of the contents of an ashtray found in the defendant's bedroom and the contents of the ashtray in his car which were mixed together by investigating officers.

Assuming without deciding that the trial court erred in admitting the evidence of marijuana taken from appellant's bedroom, it was harmless under the "highly probable test," i.e., that it is highly probable that this evidence did not contribute to the conviction of rape, aggravated sodomy and kidnapping. See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

6. We have carefully examined enumerations of error 5, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 18 contending error on the charge, admission of exhibits, objection to testimony, and alleged comment by the trial judge, and failing to completely instruct the jury on two occasions when they were dispersed but only reminding them to remember the instructions previously given. We have found no error in any of these enumerations of error.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Hill, J., who dissent.*

SUBMITTED JUNE 17, 1977 — DECIDED SEPTEMBER 27, 1977— REHEARING DENIED OCTOBER 18, 1977.

*Mobley F. Childs, C. David Wood,* for appellant.

*Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.

NICHOLS, Chief Justice, dissenting.

I dissent from the ruling in Division 5 of the majority opinion. One of the items admitted into evidence over objection was identified as containing marijuana. The exhibit consisted of the contents of an ashtray found in the defendant's bedroom and the contents of an ashtray from his car. They were mixed together by investigating officers.

Although there was some testimony which would have authorized the admission of the contents of the car's ashtray, this material lost its identity when co-mingled with that taken from the bedroom. Any marijuana found in the defendant's bedroom would constitute a separate offense not connected with the offense for which appellant was on trial. Under these circumstances it is impossible to tell whether the marijuana came from the car or the bedroom or both. See *Pittman v. State,* 110 Ga. App. 625 (2) (139 SE2d 507) (1965); *Terry v. State,* 130 Ga. App. 655, 656 (204 SE2d 372) (1974); and *White v. State,* 230 Ga. 327, 334 (196 SE2d 849) (1973).

"Where such evidence is admitted, and its effect is prejudicial to the defendant in that it tends to blacken his character and inflame the jury against him, this constitutes reversible error. *Hagin v. State,* 86 Ga. App. 92 (2) (70 SE2d 795); *Harris v. State,* 47 Ga. App. 864 (2) (171 SE 871)." *Spencer v. State,* 95 Ga. App. 454 (1) (98 SE2d 94) (1957).

The trial court erred in admitting state's Exhibit No. 28, and I would reverse the overruling of appellant's motion for new trial.

I am authorized to state that Justice Hill joins in this dissent.