A91A1752. TAYLOR v. THE STATE.
(414 SE2d 687)

BEASLEY, Judge.

Taylor was convicted of burglary, OCGA § 16-7-1 (a), and his motion for new trial was denied.

1. He contends that he was denied a fair trial as the result of a prejudicial instruction given by the court at the outset of the voir dire proceedings. Appellant's counsel had requested that the whole voir dire be completed before selection of jurors was made.

The court then instructed the jury as follows: "Counsel for the defendant has requested that he question all of the jurors, the whole panel, without proceeding to make a selection. This process takes longer than the usual method but he has a right to do this under the law [OCGA § 15-12-133] and you should not let it prejudice your minds in any way against him for making such a request." Counsel challenged the array on the ground that the instruction was prejudicial to begin with because it tended "to make defense counsel the

'heavy' " (*Lahr v. State*, 239 Ga. 813, 814 (3) (238 SE2d 878) (1977)), and that the curative instruction did not alleviate the prejudice. The court rejected the challenge. It is "highly probable" that the court's remarks, if error, " 'did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). It is highly probable that it did not "impair the prospective jurors' view of 'this particular defendant,' and did not contribute to the guilty verdict." *Edmonds v. State*, 196 Ga. App. 190, 195 (1) (395 SE2d 566) (1990).

2. Appellant contends that the trial court erred in its charge to the jury, when addressing the subject of witness credibility, that "you are, by law, made exclusive judges of the credibility of the witnesses that have testified in this case, and in determining where the preponderance of the evidence lies, you have the right to take into consideration all the facts and circumstances surrounding the case; the witnesses' manner and deportment on the witness stand; [etc.]." The use of "preponderance of the evidence" is the enumerated error. It was not called to the attention of the trial court. However, since the court did not inquire whether there were any objections, the objection was not waived. Cf. *Devoe v. State*, 249 Ga. 499 (292 SE2d 72) (1982).

The instruction, although incorrect, was limited in its scope and was given as part of a lengthy charge in which the court correctly and repeatedly instructed the jury that guilt must be established beyond a reasonable doubt and that this burden is on the State. As in *Leonard v. State*, 146 Ga. App. 439, 444 (5) (246 SE2d 450) (1978): "This incorrect phrase within an otherwise correct statement of law could not have misled the jury where they had previously heard the correct rule over and over again." " 'The general rule is that, "a mere verbal inaccuracy in a charge, which results from a palpable 'slip of the tongue,' and clearly could not have misled or confused the jury," is not reversible error. (Cit.)' [Cits.]" *Wade v. State*, 197 Ga. App. 464, 465 (1) (398 SE2d 728) (1990).

*Judgment affirmed. Judge Arnold Shulman concurs. Carley, P. J., concurs specially.*

CARLEY, Presiding Judge, concurring specially.

I agree with the majority's conclusion in Division 1 that the record demonstrates that the evidence of appellant's guilt beyond a reasonable doubt is so overwhelming that it is "highly probable" that the trial court's error did not contribute to the judgment of conviction. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

However, I do not believe that the majority opinion sufficiently condemns the type of remarks made by the trial court in this case. In fact, it appears that the majority even pretermits whether the comments constituted error or not. In my opinion, the trial court *clearly* erred in making any mention to the jury as to the request of defend-

ant's counsel with regard to the method of jury selection. The trial court should simply have honored the defendant's request and conducted voir dire in the manner requested, as provided by OCGA § 15-12-133. There was absolutely no reason for the trial court to make any comment in the presence of the jury. See *Lahr v. State*, 239 Ga. 813, 814 (3) (238 SE2d 878) (1977).

DECIDED JANUARY 7, 1992.

*Jonathan Goldberg, Kenneth D. Kondritzer*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Herman L. Sloan, Rebecca A. Keel, Assistant District Attorneys*, for appellee.