## A92A0312. DAVIS v. THE STATE.

(420 SE2d 349)

BIRDSONG, Presiding Judge.

Elroy Davis appeals his conviction for statutory rape of his daughter. He contends the trial court erred by tainting the jury panel by unfairly blaming his counsel for the length of jury selection, by denying his motion for complete recording of the trial, by refusing to allow scientific tests to be conducted on a semen sample, by allowing the prosecution to bolster the victim's testimony, and by allowing the prosecution to introduce evidence of medical reports and testimony in violation of OCGA §§ 17-7-210 and 17-7-211. He also contends the evidence was insufficient to support a conviction for statutory rape. *Held*:

1. Davis' argument on the insufficiency of the evidence to support his conviction for statutory rape contends that the victim's testimony was not corroborated sufficiently as only the victim's testimony identified him as the perpetrator. See OCGA § 16-6-3 (a). This argument is without merit. "Corroborating identification evidence is not necessary in statutory rape prosecutions. The quantum of corroboration needed in a rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury." (Citation and punctuation omitted.) *Byars v. State*, 198 Ga. App. 793 (403 SE2d 82). Considering all the evidence presented at trial, we are satisfied that the evidence was sufficient to corroborate the victim's testimony. Further, we have reviewed the evidence in the light most favorable to the jury's determination, and we conclude that a rational trier of fact could have found the defendant guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131). Accordingly, this enumeration is without merit.

2. Davis contends the trial court prejudiced the jury against him by instructing the jurors that defendant had invoked his right and that they should not be prejudiced against defendant because it would take longer to select a jury. According to the trial judge, he stated: "Do not let it prejudice your minds against the defendant in any way whatsoever." During the trial, Davis based his challenge to the array on the Fourteenth and Fifth Amendments to the United States Constitution. Now he contends the trial judge's remark violated OCGA § 17-8-57. The record shows that Davis' election to question all the jurors on the panel before starting to strike a jury (OCGA § 15-12-133) prompted the trial court's comments to the jury.

Although we agree that " '[j]urors are generally unfamiliar with

the mechanics of a trial, civil or criminal, and may enter upon their duties with little or no idea as to how an actual trial is conducted,'" (*Edmonds v. State*, 196 Ga. App. 190, 194-195 (395 SE2d 566)) and that a trial court should not make the defense counsel a "heavy" in the presence of a jury (*Lahr v. State*, 239 Ga. 813, 814 (238 SE2d 878)), nevertheless, nothing in this record shows that Davis was in any way prejudiced by this remark. Accordingly, any error was harmless. *Taylor v. State*, 202 Ga. App. 445, 446 (414 SE2d 687). Although we are satisfied that the trial court was well intentioned in this matter, the better practice would be for the court not to make such remarks. See *Taylor v. State*, supra at 446-447, Carley, J., concurring opinion.

3. Davis asserts that the trial court erred by denying his motion to record the entire trial. This enumeration is without merit. Our law only requires such recordation when the State seeks the death penalty. OCGA § 17-8-5; *State v. Graham*, 246 Ga. 341, 343 (271 SE2d 627).

4. Appellant asserts that the trial court erred by denying his motion to conduct scientific tests of certain items of evidence. (The record shows, however, that at the time in question the motion actually made was for a continuance to conduct the tests.) The transcript reveals that a sheet upon which the sexual assault of the victim took place was inadvertently placed in the evidence room rather than being sent to the crime lab, and that the rape kit was not analyzed until shortly before the trial. Thus, when Davis moved for a continuance for a test of these objects, the trial court denied the request as untimely. As Davis concedes the police and prosecution were not guilty of bad faith in their handling of this evidence, there was no error arising from the handling of the evidence. *Spaulding v. State*, 195 Ga. App. 420 (394 SE2d 111). Further, appellant's motion was untimely. Compare *Thornton v. State*, 255 Ga. 434, 437 (339 SE2d 240). Nothing in our law either requires or permits defendants to rely solely on information provided by the State for their pretrial investigation, and before they are entitled to continuance, they must show the exercise of due diligence. OCGA § 17-8-20. Accordingly, the trial court did not abuse its discretion by denying Davis' motion for a continuance to conduct scientific tests which was made on the morning of trial. *Fowler v. State*, 195 Ga. App. 874, 875 (395 SE2d 33).

5. Davis contends that the trial court erred by allowing the prosecuting attorney to bolster the testimony of the complaining witness by vouching for the victim's testimony by sitting close to the victim before the jury and touching the victim. Although we agree with the observations made by the Supreme Court of Alabama in *Sexton v. State*, 529 S2d 1041, 1044 (Ala. 1988), that "[i]f, because of age, timidity or frailty, a witness requires aid in order to testify, that aid should be rendered by someone other than the prosecuting attorney,"

in this instance we find no reversible error. It is not error for a child witness to sit in a small chair in front of the jury (*Boatright v. State*, 192 Ga. App. 112, 115-116 (385 SE2d 298); *Ortiz v. State*, 188 Ga. App. 532, 533-535 (374 SE2d 92)), or for a witness coordinator (*Miles v. State*, 201 Ga. App. 568, 569 (411 SE2d 566)) or a foster parent to sit near the witness. *Boatright v. State*, supra. Further, our "courts have traditionally accorded a great deal of latitude in the examination of young or timid or otherwise disadvantaged witnesses." (Citation and punctuation omitted.) *Cherry v. State*, 199 Ga. App. 879, 880 (406 SE2d 531). Therefore in the absence of evidence that the trial court has abused its broad discretion in controlling the trial of the case, the exercise of that discretion will not be reversed.

6. Finally, Davis contends the trial court erred by allowing testimony concerning the presence of semen on the rape kit slides because the reports were not provided him ten days before trial in accordance with OCGA § 17-7-211. There was no error. The record shows that there were no scientific reports to be provided ten days before trial and that the prosecution advised him of the results of the test when learned. "Since there was no written report available before the trial, the report itself was not excludable under the statute. *Boyce v. State*, 184 Ga. App. 578, 579 (5) (362 SE2d 229)." *Paggett v. State*, 188 Ga. App. 174, 176 (372 SE2d 504).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 25, 1992.

*Travis T. Vance III*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Michael L. Spotts, Rebecca A. Keel, Assistant District Attorneys*, for appellee.