## A97A2066. PRATT v. THE STATE.
(492 SE2d 310)

BEASLEY, Judge.

Following the denial of his motion for new trial, Pratt appeals his conviction of one count of mutiny. OCGA § 16-10-54. Pratt was indicted for two such counts based on allegations that while in the lawful custody of the Ware Correctional Institution he stabbed Correctional Officer Williams (Count 1) and bit Officer Benson (Count 2).

Evidence showed that Pratt violated prison discipline by returning to the building in which he was housed when he was

---

[4] See *Underwood v. U. S. Fidelity &c. Co.*, 118 Ga. App. 847 (165 SE2d 874) (1968).

assigned to a recreational area. When Officer Williams ordered him to return to the latter, he became hostile and insubordinate and threatened to kill Williams. The supervisor arrived and ordered Williams and Benson to subdue Pratt. Benson testified that as he was doing so, Pratt bit him. Other officers heard Benson exclaim that Pratt was biting him. One officer testified that he saw the gash. Pratt admitted that he bit Benson but explained he did so because Benson was choking him. Benson denied choking Pratt, and a nurse who examined Pratt testified that the only injury she observed was a laceration on his shoulder. Although there was testimony that Pratt grabbed a pen, no evidence showed he stabbed anyone with it.

The jury was unable to reach a verdict on Count 1 but found Pratt guilty on Count 2. Pratt contends that the excessive presence of uniformed correctional officers in the courtroom during the trial was inherently prejudicial and denied him a fair trial.

After the evidence had closed but before the court's charge to the jury, some 25 uniformed correctional officers appeared in the courtroom. Defense counsel objected to their presence, arguing that defendant had a right to be tried in an atmosphere free of partiality created by the use of excessive law enforcement. The court overruled the objection after determining that these were unarmed prison security guards who had been sequestered as witnesses during the trial and were sitting toward the back of the courtroom, away from the jury, to observe the proceedings.

In *Holbrook v. Flynn*, 475 U. S. 560, 568-569 (106 SC 1340, 89 LE2d 525) (1986), cited by Pratt, the Court rejected the argument that the presence of uniformed law enforcement officers in a criminal courtroom is an "inherently prejudicial" practice, which may be permitted only where justified by an essential state interest. Compare *Estelle v. Williams*, 425 U. S. 501, 504-505 (96 SC 1691, 48 LE2d 126) (1976) (practice of forcing a defendant to wear prison clothes when appearing before the jury held unconstitutional because not supported by any essential state policy); *Illinois v. Allen*, 397 U. S. 337 (90 SC 1057, 25 LE2d 353) (1970) (no person should be tried while shackled and gagged except as a last resort).

In *Woods v. Dugger*, 923 F2d 1454 (11th Cir. 1991), on which Pratt places primary reliance, the court concluded that the number of prison guards who attended a death penalty trial in full uniform, combined with the hostile atmosphere in the small rural prison community and pretrial publicity, rose to the level of inherent prejudice depriving the defendant of a fair trial. *Woods* is distinguishable because there is no evidence of pretrial publicity, a hostile community atmosphere, or any other factor which would warrant the conclusion that the presence of the prison guards was actually or inherently prejudicial.

This case is like *Lemley v. State*, 245 Ga. 350, 353 (3) (264 SE2d 881) (1980), which involved uniformed police officers present in the courtroom when the court gave its recharge. Lemley objected that their presence constituted intimidation of the jury. The trial court did not allow the officers to sit near the jury but otherwise determined that their presence as interested members of the public did not amount to intimidation. The Supreme Court recognized that " '[t]he conduct of the trial of any case is necessarily controlled by the trial judge, who is vested with a wide discretion and in the exercise of which an appellate court should never interfere unless it is made to appear that wrong or oppression has resulted from its abuse. [Cits.]' [Cits.]" Id. at 353-354 (3). It held there was no abuse of discretion. We hold likewise.

Contrary to Pratt's contention otherwise, he was " 'tried in an atmosphere free of partiality created by the use of excessive guards.' " *Allen v. State*, 235 Ga. 709, 711-712 (221 SE2d 405) (1975). The officers were not even acting as guards but only as spectators, and the court was not obligated to exclude them in order to assure a fair trial. See also *Spivey v. State*, 253 Ga. 187, 203 (12) (319 SE2d 420) (1984).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 17, 1997.

*John D. Staggs, Jr.*, for appellant.
*Richard E. Currie, District Attorney, Theo M. Sereebutra, Assistant District Attorney*, for appellee.