## A98A0564. MURCHISON v. THE STATE.
(500 SE2d 651)

JOHNSON, Judge.

A jury found Charles Daniel Murchison guilty of committing child molestation and aggravated child molestation upon his friend's seven-year-old granddaughter. Murchison appeals from his conviction and the denial of his motion for new trial.

Murchison contends that by allowing the victim to sit in her mother's lap while the child testified, the trial court erroneously expressed an opinion about the case. We disagree.

OCGA § 17-8-57 provides: "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." The transcript shows that when the state asked the seven-year-old victim questions on direct examination, she often gave non-verbal responses, one-word responses, or no response at all. At the conclusion of the state's direct examination, the trial judge asked the child if she wanted her mother to sit with her. The child responded: "Huh." Murchison objected to the trial court's suggestion. The trial judge stated that he would let the mother sit with the child so that the child would feel more comfortable, adding that the child could sit on her mother's lap if she wanted to. The trial court instructed the mother not to answer the questions for the child. At trial, Murchison objected only on the basis that the family had been having difficulties and the mother may silently influence the child's testimony. Murchison did not complain about any alleged expression or intimation of opinion by the trial court.

It is well settled that this Court will not consider grounds for objections not raised and passed upon in the trial court. See *Morgan v. State*, 212 Ga. App. 394, 395 (1) (442 SE2d 257) (1994). Because Murchison did not raise at trial the ground for objection asserted here, the issue has been waived.

We note, however, that even had the issue been preserved, we would find no abuse of discretion. "The conduct of the trial of any case is necessarily controlled by the trial judge, who is vested with a wide discretion and in the exercise of which an appellate court should never interfere unless it is made to appear that wrong or oppression has resulted from its abuse." (Citations and punctuation omitted.) *Rogers v. State*, 163 Ga. App. 641, 645 (5) (295 SE2d 140) (1982); see generally *Pratt v. State*, 228 Ga. App. 567, 569 (492 SE2d 310) (1997).

Our courts have allowed a great deal of latitude in the examination of young or timid witnesses. See *Davis v. State*, 204 Ga. App. 657, 658-659 (5) (420 SE2d 349) (1992); *Boatright v. State*, 192 Ga. App. 112, 115 (5) (385 SE2d 298) (1989). A trial court may render aid to a witness if, because of age, timidity or frailty, the witness

requires aid in order to testify. *Davis*, supra. That the trial court allowed the young child to sit on her mother's lap after the child had difficulty testifying about the molestation on her own did not constitute an abuse of discretion. Nor did the procedure amount to an intimation of the trial court's opinion as to what had been proven or the accused's guilt.

We find preposterous Murchison's argument that the trial court showed its alleged bias in favor of the state by not permitting a 12-year-old defense witness to sit on her mother's lap while testifying. Not only was no such request made, but the record reveals that the older witness had no apparent difficulty testifying.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MARCH 31, 1998.

*Jack E. Carney, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.