## A99A0965. SPIVEY v. THE STATE.
### (516 SE2d 332)

ELDRIDGE, Judge.

On October 8, 1991, a Tift County jury found Gregory Spivey guilty of felony shoplifting. A motion for new trial was timely filed on October 14, 1991. For reasons unexplained, said motion remained on the superior court docket for approximately six years, until it was amended by new counsel on May 4, 1998, to raise a claim of ineffective assistance of trial counsel. Spivey's motion for new trial was denied in an order dated May 22, 1998, and a timely notice of appeal from the denial of the motion was filed on June 10, 1998.

1. As he did in the motion for new trial, Spivey again claims ineffective assistance of counsel because his trial counsel failed to object or move for mistrial when an alternate juror was inadvertently sent out with the petit jury during the first portion of jury deliberations.[1] The trial court, "after hearing evidence and argument of counsel, and upon careful consideration of same," denied the motion for new trial. A transcript of the hearing on the motion for new trial was not made a part of the record on appeal and is not before us.

"Every presumption of legality will be made in favor of a judgment by a court of competent jurisdiction; and it will be presumed that a judgment of a court of competent jurisdiction is supported by every fact essential to make such judgment valid and binding." (Citation and punctuation omitted.) *First Financial Ins. Co. v. Mathis*, 214 Ga. App. 537, 539 (448 SE2d 87) (1994). See also OCGA § 24-4-24 (b)

---

[1] The mistake was discovered shortly after deliberations began. In response to the trial court's questions, the juror responded that he did not participate "in any way" in the jury's deliberations. Thereafter, the alternate was dismissed, the petit jury ate lunch, reviewed an evidentiary videotape, continued deliberations, and eventually returned its verdict.

(2); *Key v. State*, 147 Ga. App. 800 (250 SE2d 527) (1978); *Johnson v. State*, 27 Ga. App. 679 (109 SE 526) (1921).

Based upon the plain language of its order denying Spivey's motion for new trial, the trial court clearly relied upon evidence and argument adduced at the motion hearing in reaching its ruling on the issue raised herein. As such, in the absence of a transcript of the motion for new trial demonstrating otherwise, we will presume the trial court's ruling was correct.

> [I]f [Spivey] desired that we consider the evidence adduced at the hearing on his [new trial] motion, he should have made suitable arrangement to insure that it was transcribed and forwarded to this court. It is a well-established appellate rule that the burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issue raised by the enumeration of error[ ] is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. In such case, we must assume the judgment below was correct and affirm.

(Citations and punctuation omitted.) *Wells v. State*, 201 Ga. App. 398, 399 (411 SE2d 125) (1991).

2. Appellant also substantively raises the above-referenced issue, claiming that the trial court committed reversible error by failing to poll the jury with regard to the effect of the alternate's presence during the initial jury deliberations. However, in the absence of an objection or motion for mistrial, we do not find reversible error. "It is well settled that this Court will not consider grounds for objections not raised and passed upon in the trial court. [Cit.]" *Murchison v. State*, 231 Ga. App. 769 (500 SE2d 651) (1998).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 12, 1999.

*Benjamin Gratz, Jr.*, for appellant.
*C. Paul Bowden, District Attorney*, for appellee.