A04A0292. THOMAS v. THE STATE.
(598 SE2d 541)

ELDRIDGE, Judge.

A Decatur County jury found Roderick Donnell Thomas guilty of cruelty to children, which charge arose when Thomas beat a four-year-old boy with a belt, causing serious injury to the child. Thomas appeals and, in his sole enumeration, claims error in the admission of alleged hearsay testimony concerning statements made by a child/witness to the incident, i.e., the victim's six-year-old brother, D. C. Finding no error, we affirm.

Under OCGA § 24-3-16, the "Child Hearsay Statute,"

A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

Additionally, "a child may be subject to a competency challenge based on the ground that the child does not have the use of reason, but a child is not incompetent as a matter of law based on infancy."[1]

There is no assertion before this Court that D. C. lacked reason, and we find no grounds in the record for such an assertion. Certainly the fact that, during the competency hearing, the six-year-old child felt more comfortable testifying while sitting in his mother's lap does not indicate a lack of reason. Nor do we find a basis for reversal in such

---

[1] (Citations omitted.) *Hayes v. State,* 274 Ga. 875, 878 (3) (560 SE2d 656) (2002).

action.[2]

Further, D. C. was available to testify and did in fact testify at trial. In that regard, "if defense counsel had the opportunity to confront and cross-examine the witness who made the out-of-court statement, the statement was admissible."[3] Here, D. C.'s trial testimony was consistent with the out-of-court statements he had made to the other witnesses about whom Thomas now complains; defense counsel had the opportunity to cross-examine D. C. and allow the trier of fact to observe his demeanor in response to counsel's questions about the making and veracity of these statements.[4] Under such circumstances, the admission of D. C.'s out-of-court statements was not error.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED APRIL 8, 2004.

*Richard A. Greenberg*, for appellant.
*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

---

[2] *Murchison v. State*, 231 Ga. App. 769 (500 SE2d 651) (1998).

[3] (Citation omitted.) *Duck v. State*, 210 Ga. App. 205, 207 (3) (435 SE2d 725) (1993); accord *Flowers v. State*, 255 Ga. App. 660, 662-663 (566 SE2d 339) (2002); *Myrick v. State*, 242 Ga. App. 892, 895 (531 SE2d 766) (2000).

[4] *Flowers v. State*, supra at 663.